**EXHIBIT A**

# PROOF OF SERVICE

Case No. LACL162461

I hereby certify and make return; that I received the following on 5/13/25,
- ORIGINAL NOTICE
- PETITION AT LAW AND JURY DEMAND

that on 5/29/25 at 2:58 PM, I served said document(s) directed to:

JAM EQUITIES OF ANKENY, LLC d/b/a Popeye's Louisiana Kitchen at 3155 N. Ankeny Blvd., Ankeny, Polk County, IA 50023

_____ by personal service.

_____ at their dwelling house or usual place of abode (which place was not a rooming house, hotel, club or apartment building) by substitute service on the individual named below, which is a person who resides therein and was at least 18 years of age.

_____ at their dwelling house or usual place of abode (which place was a rooming house, hotel, club or apartment building) by substitute service on a family member, roommate, manager or landlord named below, which is a person who was at least 18 years of age.

__X__ by serving the company, corporation, association, government agency, estate, guardianship/conservatorship, individual in their professional capacity, etc. on the appropriate agent or officer named below.

_____ by posting the document(s) and mailing by certified and regular mail (dates and times of attempts and posting detailed below).

JOHNATHAN ANDERSON, GENERAL MANAGER

**NAME AND RELATIONSHIP/TITLE OF PERSON SERVED (IF NOT SHOWN ABOVE)**

Sworn and subscribed to before me by ANDREW GOERLITZ on this 30th day of May, 2025.

SHELLEY E. DRAUR
Commission Number 766107
My Commission Expires
January 3, 2026

Notary Public in and for the State of Iowa

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| **JARVIS DAVIS JR.**, | * | Civil No. LACL162461 |
| Plaintiff, | * | |
| v. | * | **PETITION AT LAW & JURY DEMAND** |
| **JAM EQUITIES OF ANKENY LLC d/b/a POPEYE'S LOUISIANA KITCHEN**, | * | |
| Defendant. | * | |

**COMES NOW** the Plaintiff, Jarvis Davis Jr., by and through his attorney, LeGrant Law Firm, P.C., and for his cause of action against Defendant JAM Equities of Ankeny LLC d/b/a Popeye's Louisiana Kitchen states as follows:

### JURISDICTION & VENUE

1. The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Polk County.

2. The unlawful employment acts alleged below have been committed within Polk County, State of Iowa.

### PARTIES

3. Plaintiff Jarvis Davis Jr. is a citizen and resident of Des Moines, Polk County, Iowa.

4. Upon information and belief, Defendant JAM Equities of Ankeny LLC is a limited liability company organized under Iowa law, is authorized to conduct business in Iowa, and maintains its principal place of business in Ankeny, Polk County, Iowa.

1

5. Upon information and belief, Defendant JAM Equities of Ankeny LLC does business as "Popeye's Louisiana Kitchen."

## COUNT I
### Failure to Pay Wages
### Iowa Wage Payment Collection Law, Iowa Code Chapter 91A

6. Davis incorporates by reference all preceding paragraphs as if set forth fully herein.

7. Defendant JAM Equities of Ankeny LLC d/b/a Popeye's Louisiana Kitchen (referred to hereinafter as "Popeye's") has employed Davis as an assistant manager at its location at 3155 N Ankeny Blvd, Ankeny, Iowa since October 2024.

8. At all times material hereto, Popeye's has been an "employer" as defined by Iowa Code Chapter 91A.

9. Similarly, at all times material hereto, Davis has been an "employee" subject to the protections of Iowa Code Chapter 91A.

10. At all times material hereto, Popeye's has compensated Davis on an hourly wage basis.

11. At various and repeated points in Davis' employment, Popeye's has tasked Davis with training new managers and crew members, including facilitating online training.

12. Davis completed such tasks; however, Popeye's failed to compensate him at his normal hourly wage for such work.

13. When Davis made inquiry about this lack of compensation of his General Manager, she merely told him Popeye's did not pay for the time that he was training other employees.

2

14. Additionally, Popeye's has required Davis to perform other tasks off-the-clock—including, but not necessarily limited to, making side orders, taking drive-through orders, or working on pick-up orders.

15. Similarly, Popeye's has required Davis (and certain other employees) to attend manager meetings but has failed to compensate him for such work.

16. Additionally, at various and repeated points in Davis' employment, Popeye's has required Davis to arrive at the restaurant at a certain time to open it, but through its management personnel has forbidden Davis from clocking in until later.

17. In mid-February 2025, Davis reached out to the Area Manager to complain about management's practice of requiring him to clock out while performing work.

18. The Area Manager responded by telling Davis that the Assistant Manager in Altoona was working the same hours and conditions as him and that he (Davis) needed to be "more committed" to Popeye's.

19. As set forth above, Popeye's has failed to fully pay to Davis the compensations/wages it owes him.

20. Davis has put Popeye's on notice of, and inquired about, its failure to fully pay him the compensation/wages he is due, but to no avail.

21. To date, Popeye's has failed to fully pay Davis the compensation/wages he is due.

22. Popeye's' failure to pay Davis the compensation/wages he is due violates the Iowa Wage Payment Collection Law (Chapter 91A of the Iowa Code).

23. Because the documentation and information needed to calculate them is presumably in the custody, control, and possession of Popeye's, Davis is unable at this time to state with specificity the full amount of wages due him.

24. Because Popeye's has intentionally failed to fully pay Davis the compensation/wages he is due, it is liable to him for liquidated damages as defined by the Iowa Wage Payment Collection Law.

**WHEREFORE** the Plaintiff, Jarvis Davis Jr., respectfully asks this Court enter judgment against Defendant JAM Equities of Ankeny LLC d/b/a Popeye's Louisiana Kitchen and award him damages for unpaid wages, liquidated damages, court costs, and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary, all with interest as provided by law.

## COUNT II
### Failure to Compensate for Overtime Work
### Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

25. Davis incorporates by reference all preceding paragraphs as if set forth fully herein.

26. Popeye's is an "employer" within the meaning of the Fair Labor Standards Act and at all times material hereto was an enterprise engaged in commerce or in the production of goods for commerce.

27. At various points during his employment with Popeye's, Davis worked longer than forty hours per workweek.

28. However, as set forth in more detail under Count I above, Popeye's has repeatedly required Davis to perform work off-the-clock.

29. Popeye's has failed to compensate Davis for workweeks longer than forty hours at the legally-required rate of overtime pay.

30. Davis is not, and for the duration of his employment with Popeye's, has not been exempt from the FLSA's overtime provisions.

31. Popeye's failure to compensate Davis for workweeks longer than forty hours at the appropriate rate of overtime pay was willful; therefore, Davis is entitled to liquidated damages.

32. Pending an examination of those records concerning the unpaid overtime wages which are or should be in the possession and control of Popeye's, Davis is unable to state at this time the exact amount owed to him.

**WHEREFORE** the Plaintiff, Jarvis Davis Jr., respectfully asks this Court enter judgment against Defendant JAM Equities of Ankeny LLC d/b/a Popeye's Louisiana Kitchen and award him unpaid overtime compensation, liquidated damages, plus reasonable attorney fees, and court costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

33. Davis hereby demands a jury trial.

Respectfully Submitted,

**LeGRANT LAW FIRM, P.C.**

By  /s/ Andrew L. LeGrant
Andrew L. LeGrant            AT0008908
2900 100th Street, Suite 304
Urbandale, Iowa 50322
Telephone: (515) 331-6500
Facsimile:  (855) 331-6509
Email: alegrant@legrantlaw.com

ATTORNEY FOR PLAINTIFF

Original filed.